# Exhibit A



**CT Corporation**
**Service of Process Notification**
08/23/2024
CT Log Number 547166740

## Service of Process Transmittal Summary

**TO:** Ca Legalit
Bank of America
31303 AGOURA ROAD, CA6-917-02-18
WESTLAKE VILLAGE, CA 91361-4635

**RE:** **Process Served in South Carolina**

**FOR:** Bank of America, National Association (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Robert R. Walling, by his Attorney-in-Fact, Michael Walling vs. Bank of America, NA

**DOCUMENT(S) SERVED:** Letter, Complaint, Summons, Certificate

**COURT/AGENCY:** Newberry County - Common Pleas Court, SC
Case # 2024CP3600503

**NATURE OF ACTION:** Complaint for Violation of the Electronic Fund Transfer Act

**PROCESS SERVED ON:** CT Corporation System, Columbia, SC

**DATE/METHOD OF SERVICE:** By Traceable Mail on 08/23/2024 postmarked on 08/21/2024

**JURISDICTION SERVED:** South Carolina

**APPEARANCE OR ANSWER DUE:** Within 30 days after service hereof, exclusive of the date of such service

**ATTORNEY(S)/SENDER(S):** Dave Maxfield
Dave Maxfield, Attorney, LLC
P.O. Box 11865
Columbia, SC 29211
803-509-6800

**ACTION ITEMS:** CT has retained the current log, Retain Date: 08/23/2024, Expected Purge Date: 08/28/2024

Image SOP

Email Notification, Ca Legalit calegalit@bofa.com

**REGISTERED AGENT CONTACT:** C T Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the





included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL®

DAVID MAXFIELD, ATTORNEY, LLC
Dave Maxfield
P.O. Box 11865
Columbia SC 29211-1865



7021 0950 0001 8662 9499

$17.82⁰
US POSTAGE
FIRST-CLASS
FROM 29206
08/21/2024
stamps endicia



06250014950439

CT CORPRATION SYSTEM
2 OFFICE PARK CT STE 103
COLUMBIA SC 29223-5948

**davemaxfield**
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803.509.6800
Toll Free Fax: 855.299.1656
Web: consumerlawsc.com

Mailing Address:
P.O. Box 11865
Columbia, SC 29211

Physical Address:
SOCO 80808 Building
808 D Lady Street
Columbia, SC 29201

*Member, National Association of Consumer Advocates*
*Member, Public Investors Arbitration Bar Association*

August 21, 2024

VIA CERTIFIED MAIL
CT Corporation System
As Agent For: Bank of America, NA ("BANA")
2 Office Park Court Suite 103
Columbia, South Carolina 29223

Re: Robert R. Walling, by his Attorney-in-Fact, Michael Walling, v. Bank of America, NA ("BANA"),
Case No. 2024CP3600503

Dear Sir or Madam:

Enclosed herewith and served upon you is a filed copy of the Summons & Complaint in the above matter, which is being served on you as agent for Bank of America, NA ("BANA").

Sincerely,

*Janel Bess*

Janel Bess
Paralegal to Dave Maxfield

Enc.

ELECTRONICALLY FILED - 2024 Aug 20 12:19 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600503

STATE OF SOUTH CAROLINA

COUNTY OF NEWBERRY

IN THE COURT OF COMMON PLEAS

EIGHTH JUDICIAL CIRCUIT

Robert R. Walling, by his Attorney-in-Fact, Michael Walling,

Plaintiff(s),

-vs-

Bank of America, NA ("BANA"),

Defendant(s).

**COMPLAINT**

(Jury Trial Requested)

Plaintiff, complaining of the Defendant above named, would respectfully show as follows:

**PARTIES**

1. Plaintiff, Robert R. Walling, is an 83-year-old resident of Prosperity, South Carolina, and is considered a vulnerable adult under South Carolina law.
2. Michael Walling, acting as Attorney-in-Fact for Robert R. Walling, is authorized to bring this action pursuant to a valid general durable power of attorney.
3. Defendant, Bank of America, N.A., is a national banking association conducting business in South Carolina.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to S.C. Code Ann. § 15-7-30.
5. Venue is proper in this Court as the Plaintiff resides in Prosperity, South Carolina, and the Defendant conducts business in this county.

ELECTRONICALLY FILED - 2024 Aug 20 12:19 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600503

## FACTUAL ALLEGATIONS

6. Between January and March 2024, Robert R. Walling, an 83-year-old longtime customer of Bank of America was the victim of multiple unauthorized electronic fund transfers from his Bank of America account.

7. The following wire transfers were unauthorized and initiated electronically:

    1) January 16, 2024: $9,500.00 to Yuanming Tao
    2) January 17, 2024: $15,000.00 to Vanesa Cool Limited
    3) January 19, 2024: $15,000.00 to Russel Holden
    4) January 24, 2024: $15,000.00 to Russel Holden
    5) January 25, 2024: $12,000.00 to Corey Nelson
    6) January 25, 2024: $10,000.00 to Russel Holden
    7) January 25, 2024: $10,000.00 to Anne M Damico
    8) January 26, 2024 $15,000.00 to Russel Holden
    9) January 29, 2024 $15,000.00 to Russel Holden
    10) January 31, 2024: $20,000.00 to Anne M Damico
    11) January 31, 2024: $11,000.00 to Russel Holden
    12) February 2, 2024: $17,000.00 to Russel Holden
    13) February 5, 2024: $15,000.00 to Anne M. Damico

8. The total amount of 13 unauthorized transfers is $179,500.00.

9. Plaintiff and/or his attorney in fact notified Bank of America of these 13 unauthorized transfers by phone on or in person on or before February 27, 2024, yet the bank failed to take appropriate action to investigate or remedy the situation, or issue provisional credits.

10. Defendant should have flagged these transactions as suspicious due to several red flags, including:

    - Unusual transaction patterns inconsistent with Plaintiff's typical banking behavior.
    - High-frequency and high-value transfers to multiple beneficiaries over a period of two weeks.

ELECTRONICALLY FILED - 2024 Aug 20 12:19 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600503

- Repeated transfers to the same beneficiaries, suggesting potential fraud.
- Geographic and temporal anomalies in transaction initiation.

11. Despite these red flags and the notification from Plaintiff, Bank of America failed to provisionally recredit the account within the ten-day period specified by EFTA.
12. On March 12, 2024, Bank of America "denied" Plaintiff's dispute.
13. Bank of America did not conduct a good faith investigation of the alleged errors and did not have a reasonable basis for believing the consumer's account was not in error.
14. The financial institution knowingly and willfully concluded that the consumer's account was not in error, a conclusion that could not reasonably have been drawn from the evidence available at the time of the investigation.

**FOR A FIRST CAUSE OF ACTION**

**(Violation of the Electronic Fund Transfer Act (EFTA) and Regulation E)**

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 as if fully set forth herein.
15. Under the EFTA and Regulation E, consumers are protected against unauthorized electronic fund transfers (15 U.S.C. § 1693 et seq.; 12 C.F.R. Part 1005).
16. Defendant failed to comply with the EFTA and Regulation E by allowing unauthorized transfers to occur and failing to properly investigate and resolve the reported errors.
17. Defendant failed to comply with EFTA in the following particulars, and such others as may be shown at trial:
    1. **Unauthorized Electronic Fund Transfers:** The bank allowed unauthorized electronic fund transfers to occur, which the consumer is not liable for if reported promptly (15 USC 1693g(a); 12 CFR 1005.6).
    2. **Improper Handling of Error Resolution:** The bank failed to follow specific procedures to investigate and resolve errors reported by the consumer, including

ELECTRONICALLY FILED - 2024 Aug 20 12:19 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600503

not providing a written explanation if no error was found (15 USC 1693f; 12 CFR 1005.11).

3. **Failure to Provide Provisional Credit:** The bank did not provisionally credit the consumer's account within 10 business days during the investigation of the alleged error (15 USC 1693f(c); 12 CFR 1005.11).
4. **Failure to Investigate Errors:** The bank did not complete its investigation of reported errors within the required 45 calendar days (15 USC 1693f; 12 CFR 1005.11).
5. **Failure to Respond to Error Notices:** The bank failed to acknowledge receipt of error notices from the consumer within 10 business days (15 USC 1693f(d); 12 CFR 1005.11).
6. **Failure to Correct Errors Promptly:** The bank did not correct any errors within one business day of determining that an error occurred (15 USC 1693f; 12 CFR 1005.11).
7. **Failure to Notify Consumers of Rights:** The bank did not inform the consumer of their rights to receive documentation of electronic fund transfers, including receipts and periodic statements (15 USC 1693c(a)(4); 12 CFR 1005.7).
8. **Failure to Provide Timely Notice of Errors:** The bank did not promptly investigate and resolve the issue after being notified by the consumer within 60 days of an error (15 USC 1693f(a); 12 CFR 1005.11).
9. **Failure to Address Consumer Notices:** The bank did not accept consumer notices of errors, loss, or theft of access devices in various forms, including in person, by telephone, or in writing (15 USC 1693f(a); 12 CFR 1005.6).
10. **Failure to Investigate Unauthorized Transfers:** The bank did not promptly investigate claims of unauthorized electronic fund transfers (15 USC 1693f; 12 CFR 1005.11).

18. Defendant's actions have caused Plaintiff significant financial harm.

ELECTRONICALLY FILED - 2024 Aug 20 12:19 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600503

19. Plaintiff seeks actual damages and statutory damages as allowed by the Act.

20. Plaintiff is further entitled to and seeks, treble damages in the amount of $538,500.00 as provided under the EFTA due to the bank's failure to provisionally credit the funds transferred from his account, failure to conduct a good faith investigation of the alleged error(s), finding no error despite lack of a reasonable basis for believing none occurred, and willfully and/or knowingly concluding that the account was not in error, when such conclusion could not reasonably have been drawn from the evidence available at the time of investigation. See, 1693f.

**FOR A SECOND CAUSE OF ACTION**

**(Participating in Exploitation of a Vulnerable Adult (S.C. Code Ann. § 43-35-87)**

19. Plaintiff incorporates by reference the allegations contained in the above paragraphs if fully set forth herein.

20. Plaintiff, Robert R. Walling, is an 83-year-old individual who qualifies as a vulnerable adult under South Carolina law, specifically S.C. Code Ann. § 43-35-10(11), due to his advanced age and inability to adequately provide for his own financial protection.

21. Defendant, Bank of America, is a "person" and "financial institution" as defined by S.C. Code Ann. § 43-35-87(A).

22. The unauthorized electronic fund transfers described herein constitute "exploitation" under S.C. Code Ann. § 43-35-10(3), involving the improper, unlawful, or unauthorized use of Plaintiff's funds for the profit or advantage of another person.

23. Defendant, through its actions and failures to act, participated in and materially aided the financial exploitation of Plaintiff. Without Defendant's actions and failures, such exploitation could not have occurred.

24. Specifically, Defendant failed to exercise its duty to protect Plaintiff from known and easily recognizable patterns of financial exploitation, such as high-frequency and high-value wire transfers to multiple beneficiaries over a short period.

ELECTRONICALLY FILED - 2024 Aug 20 12:19 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600503

25. Defendant's failure to act, despite the presence of multiple red flags and the notification from Plaintiff, facilitated the financial exploitation of Plaintiff and resulted in significant financial harm.

26. As a direct and proximate result of Defendant's actions and failures to act, Plaintiff has suffered financial and non-pecuniary losses.

27. Pursuant to S.C. Code Ann. § 43-35-87, Plaintiff is entitled to recover damages, costs, and attorney's fees for the financial exploitation he suffered.

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

29. Defendant's failure to prevent the unauthorized transfers and protect Plaintiff's assets constitutes exploitation of a vulnerable adult under South Carolina law.

30. Plaintiff seeks treble damages as provided under S.C. Code Ann. § 43-35-87.

**FOR A THIRD CAUSE OF ACTION**

**(Violation of South Carolina UCC Article 4A)**

22. Plaintiff incorporates by reference the allegations contained in the above paragraphs if fully set forth herein, as an alternate cause of action in the event that any transaction hereunder is deemed to not be initiated electronically.

23. Defendant, Bank of America, is a "bank" as defined under South Carolina's Uniform Commercial Code Article 4A, which governs funds transfers.

24. Under S.C. Code Ann. § 36-4A-202, Defendant was required to exercise ordinary care in executing payment orders, including verifying the authenticity of the payment order and the identity of the receiving bank.

25. Defendant failed to act in good faith and in a manner consistent with commercially reasonable banking standards by accepting and processing unauthorized payment orders from Plaintiff's account.

ELECTRONICALLY FILED - 2024 Aug 20 12:19 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600503

26. Defendant's security procedures were inadequate and not commercially reasonable, as they failed to detect and prevent unauthorized transactions despite multiple red flags, including high-frequency and high-value transfers to multiple beneficiaries over a short period.
27. Defendant's acceptance of the unauthorized payment orders was not authorized by Plaintiff, and Defendant failed to verify the authenticity of these orders, resulting in significant financial harm to Plaintiff.
28. Defendant was notified of the unauthorized transactions and failed to timely cancel or reverse the transfers as required under S.C. Code Ann. § 36-4A-211.
29. As a direct and proximate result of Defendant's actions and failures to act, Plaintiff has suffered actual and consequential damages.
30. Plaintiff is entitled to recover damages, including interest, costs, and attorney's fees, for Defendant's violations of South Carolina's UCC Article 4A.
31. Defendant failed to act in good faith and in a manner consistent with commercially reasonable banking standards, as required by South Carolina's version of UCC Article 4A.
32. Plaintiff seeks damages for Defendant's breach of its obligations under UCC Article 4A.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award Plaintiff damages in the amount of $179,500.00 for the unauthorized transfers.

B. Award Plaintiff statutory damages, punitive damages, and treble damages in excess of $538,500.00.

C. Award applicable consequential damages and interest.

D. Award Plaintiff attorney's fees and costs.

E. Grant such other and further relief as this Court deems just and proper.

ELECTRONICALLY FILED - 2024 Aug 20 12:19 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600503

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

---

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

August 15, 2024

ELECTRONICALLY FILED - 2024 Aug 20 12:19 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600503

| STATE OF SOUTH CAROLINA<br><br>COUNTY OF NEWBERRY | IN THE COURT OF COMMON PLEAS<br><br>EIGHTH JUDICIAL CIRCUIT |
|---|---|
| Robert R. Walling, by his Attorney-in-Fact, Michael Walling,<br><br>Plaintiff(s),<br><br>-vs-<br><br>Bank of America, NA ("BANA"),<br><br>Defendant(s). | Case No. 2024CP3600503<br><br>**SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

August 20, 2024

| STATE OF SOUTH CAROLINA<br><br>COUNTY OF NEWBERRY | IN THE COURT OF COMMON PLEAS<br><br>EIGHTH JUDICIAL CIRCUIT |
|---|---|
| Robert R. Walling, by his Attorney-in-Fact, Michael Walling,<br><br>Plaintiff(s),<br>-vs-<br><br>Bank of America, NA ("BANA"),<br><br>Defendant(s). | Case No. 2024-CP-36-00503<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on the 21st day of August 2024 I served the foregoing Summons and Complaint by sending a copy of same by U.S. Certified Mail, Restricted Delivery and Return Receipt Requested to the following:

CT Corporation System
As Agent For: Bank of America, NA ("BANA")
2 Office Park Court Suite 103
Columbia, South Carolina 29223

Janel Bess, Paralegal

August 21, 2024