IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert R. Walling, by his Attorney in Fact, Michael Walling,<br><br>         Plaintiff,<br><br>v.<br><br>Bank of America, N.A.,<br>         Defendant. | C/A No. 8:24-cv-05223-BHH<br><br>(Jury Trial Demanded) |

**FIRST AMENDED COMPLAINT**

1. Plaintiff Robert R. Walling, by his Attorney-in-Fact Michael Walling, complaining of the Defendant Bank of America, N.A., alleges as follows:

**PARTIES & JURISDICTION**

2. Plaintiff Robert R. Walling is an 83-year-old resident of Prosperity, South Carolina, and is considered a vulnerable adult under South Carolina law.

3. Michael Walling, acting as Attorney-in-Fact for Robert R. Walling, is authorized to bring this action pursuant to a valid general durable power of attorney.

4. Defendant Bank of America, N.A. ("BANA") is a national banking association conducting business in South Carolina.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action arises under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS

7. Between January and March 2024, Robert R. Walling, an 83-year-old longtime customer of Bank of America, was the victim of multiple unauthorized electronic fund transfers from his Bank of America account.

8. The unauthorized transfers were initiated electronically through Bank of America's online banking platform or mobile app, which Mr. Walling used on his iPad.

9. Upon information and belief, Mr. Walling's iPad was compromised, most likely using the remote access software AnyDesk, and allowed criminals to gain access to his Bank of America app present on the iPad, and then make the transfers.

10. Upon information and belief, Mr. Walling did himself authorize, make, or participate in the transfers.

11. The dates, amounts and "recipients" of the unauthorized transfers were as follows:

12. The following transfers were unauthorized and initiated electronically:

    a. January 16, 2024: $9,500.00 to Yuanming Tao

    b. January 17, 2024: $15,000.00 to Vanesa Cool Limited

    c. January 19, 2024: $15,000.00 to Russel Holden

    d. January 24, 2024: $15,000.00 to Russel Holden

    e. January 25, 2024: $12,000.00 to Corey Nelson

    f. January 25, 2024: $10,000.00 to Russel Holden

    g. January 25, 2024: $10,000.00 to Anne M Damico

    h. January 26, 2024: $15,000.00 to Russel Holden

    i. January 29, 2024: $15,000.00 to Russel Holden

    j. January 31, 2024: $20,000.00 to Anne M Damico

    k. January 31, 2024: $11,000.00 to Russel Holden

    l. February 2, 2024: $17,000.00 to Russel Holden

    m. February 5, 2024: $15,000.00 to Anne M. Damico

13. The total amount of these 13 unauthorized transfers is $179,500.00.

14. Certain of these transfers were made to domestic banks, such as Chase, but others were to "crypto" banks such as MCB.

15. None of these transactions was remotely consistent with Plaintiff's normal banking activity and all should have been detected by Bank of America's systems or fraud algorithms; however, over the three-week period in which they occurred, not a single transaction was detected, flagged, intercepted, or stopped.

16. Ultimately, these transactions were found by Plaintiff's son, Mike Walling, who is also his attorney-in-fact.

17. Plaintiff and/or his attorney-in-fact notified Bank of America of these 13 unauthorized transfers by phone or in person on or before February 27, 2024, yet the bank failed to take appropriate action to investigate or remedy the situation or issue provisional credits.

18. Defendant should have flagged these transactions as suspicious due to several red flags, including:
    a. Unusual transaction patterns inconsistent with Plaintiff's typical banking behavior.
    b. High-frequency and high-value transfers to multiple beneficiaries over a period of two weeks.
    c. Repeated transfers to the same beneficiaries, suggesting potential fraud.
    d. Geographic and temporal anomalies in transaction initiation.

19. Despite these red flags and the notification from Plaintiff, Bank of America failed to provisionally recredit the account within the ten-day period specified by EFTA.

20. On March 12, 2024, Bank of America "denied" Plaintiff's dispute.

21. Bank of America did not conduct a good faith investigation of the alleged errors and did not have a reasonable basis for believing the consumer's account was not in error.

22. The financial institution knowingly and willfully concluded that the consumer's account was not in error, a conclusion that could not reasonably have been drawn from the evidence available at the time of the investigation.

## FIRST CAUSE OF ACTION

### (Violation of the Electronic Fund Transfer Act (EFTA) and Regulation E)

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

24. Under the EFTA and Regulation E, consumers are protected against unauthorized electronic fund transfers (15 U.S.C. § 1693 et seq.; 12 C.F.R. Part 1005).

25. The transactions at issue are covered by EFTA because they were initiated electronically through Bank of America's online banking platform or mobile app, even though they were subsequently processed as wire transfers, to wit:

    a. Upon information and belief, when these transfers were initiated through the online platform or mobile app, Bank of America first conducted an intra-bank electronic fund transfer that debited Mr. Walling's account and moved the money to a pooled Bank of America account. *Only after this initial electronic fund transfer did Bank of America send the funds over a wire service to another bank*.

    b. As the CFPB has made clear, transactions (or portions thereof) may be covered under both EFTA and the UCC; pursuant to the CFPB's interpretation, this initial electronic fund transfer from Mr. Walling's account to Bank of America's pooled account constitutes an "electronic fund transfer" under EFTA, separate from the subsequent wire transfer between banks.

26. Thus, these transactions meet the definition of "unauthorized electronic fund transfer" under 12 C.F.R. § 1005.2(m), as they were initiated by a person other than Mr. Walling without actual authority and from which Mr. Walling received no benefit.

27. Defendant failed to comply with the EFTA and Regulation E by allowing unauthorized transfers to occur and failing to properly investigate and resolve the reported errors.

28. Defendant failed to comply with EFTA in the following particulars, and such others as may be shown at trial:

a. Unauthorized Electronic Fund Transfers: The bank allowed unauthorized electronic fund transfers to occur, which the consumer is not liable for if reported promptly (15 USC 1693g(a); 12 CFR 1005.6).

b. Improper Handling of Error Resolution: The bank failed to follow specific procedures to investigate and resolve errors reported by the consumer, including not providing a written explanation if no error was found (15 USC 1693f; 12 CFR 1005.11).

c. Failure to Provide Provisional Credit: The bank did not provisionally credit the consumer's account within 10 business days during the investigation of the alleged error (15 USC 1693f(c); 12 CFR 1005.11).

d. Failure to Investigate Errors: The bank did not complete its investigation of reported errors within the required 45 calendar days (15 USC 1693f; 12 CFR 1005.11).

e. Failure to Respond to Error Notices: The bank failed to acknowledge receipt of error notices from the consumer within 10 business days (15 USC 1693f(d); 12 CFR 1005.11).

f. Failure to Correct Errors Promptly: The bank did not correct any errors within one business day of determining that an error occurred (15 USC 1693f; 12 CFR 1005.11).

g. Failure to Notify Consumers of Rights: The bank did not inform the consumer of their rights to receive documentation of electronic fund transfers, including receipts and periodic statements (15 USC 1693c(a)(4); 12 CFR 1005.7).

h. Failure to Provide Timely Notice of Errors: The bank did not promptly investigate and resolve the issue after being notified by the consumer within 60 days of an error (15 USC 1693f(a); 12 CFR 1005.11).

      i. Failure to Address Consumer Notices: The bank did not accept consumer notices of errors, loss, or theft of access devices in various forms, including in person, by telephone, or in writing (15 USC 1693f(a); 12 CFR 1005.6).

      j. Failure to Investigate Unauthorized Transfers: The bank did not promptly investigate claims of unauthorized electronic fund transfers (15 USC 1693f; 12 CFR 1005.11).

29. Defendant's actions have caused Plaintiff significant financial harm.

30. Plaintiff seeks actual damages and statutory damages as allowed by the Act.

31. Plaintiff is further entitled to and seeks treble damages in the amount of $538,500.00 as provided under the EFTA due to the bank's failure to provisionally credit the funds transferred from his account, failure to conduct a good faith investigation of the alleged error(s), finding no error despite lack of a reasonable basis for believing none occurred, and willfully and/or knowingly concluding that the account was not in error, when such conclusion could not reasonably have been drawn from the evidence available at the time of investigation. See 15 U.S.C. § 1693f.

## SECOND CAUSE OF ACTION

**(Participating in Exploitation of a Vulnerable Adult (S.C. Code Ann. § 43-35-87)**

32. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully set forth herein.

33. Plaintiff, Robert R. Walling, is an 83-year-old individual who qualifies as a vulnerable adult under South Carolina law, specifically S.C. Code Ann. § 43-35-10(11), due to his advanced age and inability to adequately provide for his own financial protection.

34. Defendant, Bank of America, is a "person" and "financial institution" as defined by S.C. Code Ann. § 43-35-87(A).

35. The unauthorized electronic fund transfers described herein constitute "exploitation" under S.C. Code Ann. § 43-35-10(3), involving the improper, unlawful, or unauthorized use of Plaintiff's funds for the profit or advantage of another person.

36. Defendant, through its actions and failures to act, participated in and materially aided the financial exploitation of Plaintiff by criminal third parties. Without Defendant's actions and failures, such exploitation could not have occurred.

37. Specifically, Defendant failed to exercise its duty to protect Plaintiff from known and easily recognizable patterns of financial exploitation, such as high-frequency and high-value wire transfers to multiple beneficiaries over a short period.

38. Defendant's failure to act, despite the presence of multiple red flags and the notification from Plaintiff, facilitated the financial exploitation of Plaintiff and resulted in significant financial harm.

39. As a direct and proximate result of Defendant's actions and failures to act, Plaintiff has suffered financial and non-pecuniary losses.

40. Pursuant to S.C. Code Ann. § 43-35-87, Plaintiff is entitled to recover damages, costs, and attorney's fees for the financial exploitation he suffered.

## THIRD CAUSE OF ACTION
### (Violation of South Carolina UCC Article 4A)

41. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully set forth herein, as an alternate cause of action in the event that any transaction hereunder is deemed to not be initiated electronically under EFTA, or as to those portions of the transaction that fall outside of EFTA or Regulation E.

42. Defendant, Bank of America, is a "bank" as defined under South Carolina's Uniform Commercial Code Article 4A, which governs funds transfers.

43. Under S.C. Code Ann. § 36-4A-202, Defendant was required to exercise ordinary care in executing payment orders, including verifying the authenticity of the payment order and the identity of the receiving bank.

44. Defendant failed to act in good faith and in a manner consistent with commercially reasonable banking standards by accepting and processing unauthorized payment orders from Plaintiff's account.

45. Defendant's security procedures were inadequate and not commercially reasonable, as they failed to detect and prevent unauthorized transactions despite multiple red flags, including high-frequency and high-value transfers to multiple beneficiaries over a short period.

46. Defendant's acceptance of the unauthorized payment orders was not authorized by Plaintiff, and Defendant failed to verify the authenticity of these orders, resulting in significant financial harm to Plaintiff.

47. Defendant was notified of the unauthorized transactions and failed to timely cancel or reverse the transfers as required under S.C. Code Ann. § 36-4A-211.

48. As a direct and proximate result of Defendant's actions and failures to act, Plaintiff has suffered actual and consequential damages.

49. Plaintiff therefore seeks damages for Defendant's breach of its obligations under UCC Article 4A, as incorporated into South Carolina law under Title 36.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award Plaintiff actual damages in the amount of $179,500.00 for the unauthorized transfers.

B. Award Plaintiff statutory damages, punitive damages, and treble damages in excess of $538,500.00.

C. Award applicable consequential damages and interest.

D. Award Plaintiff attorney's fees and costs.

E. Grant such other and further relief as this Court deems just and proper.

                                              DAVE MAXFIELD, ATTORNEY, LLC

                                              s/ David A. Maxfield
                                              _____
                                              Dave Maxfield, Esq., FED ID No. 6293
                                              P.O. Box 11865
                                              Columbia, SC 29211
                                              (803) 509-6800
                                              (855) 299-1656 (fax)
                                              dave@consumerlawsc.com

October 21, 2024